## KEARNEY v STATE RELIEF COMM et

Common Pleas Court, Trumbull Co.

Decided November 10, 1934.

88

Samuel Mark London, Warren, for plaintiff.

Geo. W. Secrest, prosecuting attorney, and Paul Z. Hodge, asst. prosecuting attorney, Warren, for defendant.

## OPINION

By GRIFFITH, J.

Action was brought by William Kearney, in behalf of himself and his wife and six minor children.

He alleges in his petition that he and his wife and children are residents of the city of Niles; and that he, at the present time, is unable to provide the necessities of life for himself and dependents, for the reason that, during the past three years, he has been unemployed, and that he is without funds whatsoever to provide for his family. He says that he has furnished actual proof to defendants, the State Relief Commission, through its agents, Captain John R. Rea and Charles Loveless, of his poverty and immediate need for the necessities of life, informing them that on the 18th day of October, 1934, he has been without lights of any kind whatsoever, and that the electric light department of Niles city has refused to furnish him any electric light or power, due to his inability to pay for the same; and that, notwithstanding his notice to the defendants, he and his family have been in complete darkness since the 18th day of October last; and that the defendants have wilfully, wantonly and deliberately withheld the extending to this plaintiff and his family the proper food, clothing, light, and heat which are essential to their proper existence, and to maintain their peace, health and safety. He says that unless the defendants are ordered, by the court, to grant him and his family proper relief; that their peace, health and safety will be impaired, and that their health will gradually decline, and their physical bodies will become extinct, and that he himself will lose control of his mental faculties, and that he may, as a result have a crazed mind through no fault or design of his own, which may compel him to commit acts of violence upon the citizenry of Niles; and he prays that a mandatory order issue compelling the defendants to grant to him and his family the necessary light, heat, food and clothing.

This matter came on for hearing on Saturday, November 3rd, and from the evidence it appeared that the defendants had furnished some indigents in the city of Niles with electric light and power; but that they had refused, on the 18th of October, 1934, to extend to this plaintiff electric service, and had refused to pay his electric bill.

The evidence further disclosed that the plaintiff had been receiving the sum of $21.50 every fifteen days for groceries, milk, shoe repairs, and so forth, and that the plaintiff had received during the month, five to six pounds of beef, two sacks of flour, four sacks of cabbage, and some new shoes for one of his daughters.

Captain Rea, who is in charge of the relief work of Trumbull county, testified that he didn't consider electric service a necessity, and refused to provide funds for this plaintiff for the turning on of electric service to the house which the plaintiff and his wife and family occupy; but that he did stand ready and willing to provide him with two lamps, and provide him also with coal-oil for use in the same.

It appears from the evidence that the plaintiff has an electric washing machine, an electric sewing machine, an electric sweeper, and perhaps other electrical devices which are useless unless electrical service is provided.

The plaintiff complains that the food that he has received is insufficient, and of inferior quality, and that he can

make no headway by appealing to the agents of the Relief Commission.

This action is brought under the provisions of §3476 GC, which, in part provides as follows:

"* * * the proper officers of each city * * * shall afford at the expense of such * * * municipal corporation public support or relief to all persons therein who are in condition requiring it. It is the intent of this act that * * * cities shall furnish relief in their homes to all persons needing temporary or partial relief who are residents of the * * * city * * *."

The action is also brought under the provisions of Senate Bill No. 60, which was approved by Governor White February 28, 1933, and which act provides, among other things, as follows:

"Sec. 1. There is hereby created a state relief commission to serve until March 1, * * * 1935. It shall consist of five members to be appointed by the governor, who shall be representative citizens, residents of this state. The members of such commission shall serve without compensation, but they shall be allowed their necessary expenses, incurred in carrying out their official duties. The commission is hereby authorized to employ and pay such assistants as it deems necessary to carry out its duties."

"Sec. 2. In order to carry out effectively its powers and duties the state relief commission may request and shall receive advice and expert assistance from the department of public welfare, the tax commission of Ohio, the bureau of inspection and supervision of public offices in the office of the auditor of state, the department of public works, the department of public health, the department of education, the department of highways, the department of industrial relation, the department of agriculture, the adjutant general's department, and any other state or local department or agency. It shall have access to the records of any state or local board or other agency pertaining

to the functions of the state relief commission, and the cooperation and assistance of each and every official or employee of such boards or agencies. It may, in its discretion, cooperate with existing national, state or local unemployment relief commissions or agencies, and, if deemed advisable or expedient by it, coordinate and correlate its work with the work or projects of any such commission or agency."

The other sections it is unnecessary to refer to, other than to mention the fact that it is declared to be an emergency measure, which is necessary for the immediate preservation of the public peace, health and safety; and that the purpose of the legislation is to centralize control in the administration of relief.

It appears, therefore, that §3476 is in no wise repealed, either directly or by implication, and that the liability for relief to the indigents is a continuing obligation of the city.

The principal contention in the instant case revolves around the proposition of the State Relief Commission refusing to provide electric service to this plaintiff.

The plaintiff is asking to have this court order the State Relief Commission to provide electric service for him in his home.

Is there a legal duty thrown upon the State Relief Commission to provide such service?

Whatever moral duty rests upon the commission, to aid the unfortunate in their distress, is a matter to be presented to the commission; but we are confronted with the legal obligation of the defendants to do that which the plaintiff seeks in this action. Does §3476, coupled up with Senate Bill No. 60, cast upon the defendants the statutory duty of providing electric service to this plaintiff?

The plaintiff can not recover unless by statutory authority a right of action is given.

It is undisputed that the plaintiff is in dire distress; that he is unemployed and in need of light in his home.

The defendants say that they stand ready and willing to furnish plaintiff with oil-burning lamps, and with oil, and also with equipment with which to wash and iron.

It is the opinion of the defendants that the furnishing of oil lamps is sufficient under the circumstances; that is their judgment as agents of the Relief Commission.

May this court substitute its own discretion for that of the discretion of these administrative officers in the exercise of their authority. For this court, under the circumstances, to undertake to determine the various needs of this plaintiff, and the sufficiency of the provisions allotted him, would open up a course of action that would require nothing less than that this court should serve as relief commissioner, to provide for the needs of all who are unfortunate, and in need of relief. Manifestly that leads to a course that is impossible of contemplation.

It may be noted further, upon careful reading of Senate Bill No. 60, that there is no provision in that bill which throws upon the relief commission the duty of supporting persons who require relief. **Sec. 3476** provides that the officers of each city shall afford, at the expense of the city, relief to persons requiring it. That is where the mandatory expression of the legislature is to be found, and the relief commission is in the nature of a voluntary organization which steps in to aid and help in the administration of the relief without the mandatory voice of the legislature ordering it so to do.

Clearly then the action instituted in this case is not maintainable, for the reason the defendant relief commission is a creature of the legislature that is not bound nor liable as are the officers of the municipal corporation, for the support if its indigent. Apparently the object of the law, as embodied in Senate Bill No. 60, was to tide over an emergency in the aiding of the municipalities in taking care of their relief problems; but it in no wise cast upon the relief commission the liability attendant to that of the municipalities as embodied in §3476 **GC.**

For these reasons, the prayer of the petition is refused, and the writ denied; and exceptions saved to this plaintiff.